**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| MOHAMMAD SALEHI, | CASE NO. 16cv0924 DMS (BGS) |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS** |
| v. | |
| BLUESTEM BRANDS, INC. D/B/A FINGERHUT; and DOES 1 through 20, | |
| Defendant. | |

This case comes before the Court on Defendant's motion to stay this case pending a ruling from the United States Court of Appeals for the D.C. Circuit in *ACA Int'l v. Federal Communications Comm'n*, Case No. 15-1211 ("*ACA*"). Plaintiff filed an opposition to the motion, and Defendant filed a reply. For the reasons set out below, the motion is granted.

**I.**

**BACKGROUND**

On or about March 30, 2016, Defendant began making collection calls to Plaintiff's cellular telephone number ending in "8993." (First Am. Compl. ("FAC") ¶¶ 13-14.) Plaintiff alleges that since December 2015, he has been the owner and regular user of this phone, and he has "never given authorization for anyone to use this phone number as their own." (*Id.* ¶¶ 15-16.) Plaintiff also alleges he "owed no debt to Defendant or any creditor associated with Defendant whatsoever." (*Id.* ¶ 11.) Plaintiff

alleges, "[u]pon information and belief, per its business practices, each of Defendant's calls were placed using an 'automatic telephone dialing system' ("ATDS"), as defined by 47 U.S.C. § 227(a)(1) and/or with an artificial or prerecorded voice, as prohibited by 47 U.S.C. § 227(b)(1)(A)." (*Id.* ¶ 18.)

On April 18, 2016, Plaintiff filed the present case alleging one claim for negligent violation of the Telephone Consumer Protection Act ("TCPA"), one claim for knowing and/or willful violation of the TCPA and one claim for violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). On May 3, 2016, Plaintiff filed a First Amended Complaint ("FAC") in which he realleged the TCPA claims, deleted the RFDCPA claim and asserted class allegations. In response to the FAC, Defendant filed an Answer along with the present motion.

## II.

## MOTION TO STAY

Defendant moves to stay this case pending a decision in *ACA*. *ACA* is an appeal from a July 10, 2015 Declaratory Ruling and Order by the Federal Communications Commission that, among other things, addresses two terms at issue in the TCPA: "automatic telephone dialing system" ("autodialer") and "called party." As in many TCPA cases, both of those terms are at issue in this case. Defendant asserts resolution of those issues could dispose of this case. Plaintiff disagrees with that assertion, and opposes the request for a stay.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North America Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55 (citations omitted).

> Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues,

proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Here, Defendant asserts Plaintiff will not suffer any harm or damage if the Court grants a stay. Plaintiff disputes that assertion. He argues he will be prejudiced in the form of unknown delay, increased difficulty reaching class members and increased risk that evidence will disappear, fade or dissipate. The Court agrees with Plaintiff that there is a risk of delay. However, given the current schedule in this case, any possible delay may be minimal. The Early Neutral Evaluation conference in this case is not scheduled until November 4, 2016, which is after the date for oral argument in *ACA*.[1] However, there will likely be a delay between oral argument and the decision in *ACA*, which unknown delay weighs slightly against the issuance of a stay.

The second factor asks the opposite question, namely, whether either side will suffer any hardship or inequity if the case is *not* stayed. Defendant argues both parties in this case will suffer a hardship if a stay is not issued because they will be forced to "engage in discovery and other litigation about whether Bluestem's equipment was an autodialer and whether Plaintiff was the 'called party' - but without knowing what the controlling definitions of 'autodialer' or 'called party' will turn out to be." (Mem. of P. & A. in Supp. of Mot. at 8.) Defendant argues this hardship would be exacerbated in this case given Plaintiff's class allegations. Plaintiff responds that regardless of the D.C. Circuit's decision, the parties will need to engage in discovery to determine whether Defendant used an autodialer and whether Plaintiff was the "called party."

The Court agrees with Plaintiff that regardless of the outcome of *ACA*, the parties in this case will need to determine whether Defendant used an autodialer when it called Plaintiff. The Court also agrees that the parties could determine whether Plaintiff was a "called party" under the current definition of that term. However, the defenses asserted in this case go to the definitions of those terms, which are squarely at issue in

---

[1] According to the docket in *ACA*, oral argument is currently scheduled for October 19, 2016.

- 3 - 16cv0924

*ACA*. Specifically, Defendant asserts it did not call Plaintiff through the use of a random or sequential number generator, but rather through the use of a database. Whether the use of a database meets the definition of an autodialer is an issue before the D.C. Circuit. Furthermore, Defendant contends that if "called party" is defined to include the "intended recipient of the call," as proposed by the petitioners in *ACA*, then it had the consent of the "called party" in this case, and thus its calls to Plaintiff were not unlawful. Plaintiff makes much of the fact that the FAC does not call out these distinctions, but the FAC only provides some of the boundaries of the case. The Court must also consider Defendant's Answer, and the defenses raised therein go directly to the issues under consideration in *ACA*. Given those defenses, both parties to this case would be prejudiced if a stay is not issued in that each may have to conduct discovery that could turn out to be unnecessary. And the Court agrees with Defendant that this potential prejudice is pronounced here in light of the class allegations. Therefore, this factor weighs in favor of a stay.

The third factor asks whether and how a stay will affect the orderly course of justice, *i.e.*, whether a stay will simplify or complicate the issues in the case. Defendant argues a stay will simplify the issues by resolving the unsettled questions of law currently surrounding the TCPA, particularly the definition of autodialers and "called party." Plaintiff does not address this factor, but the Court agrees with Defendant. Proceeding with this case while *ACA* is pending will make this case more complicated, not less, especially in light of the class allegations.

After considering these factors, the Court grants Defendant's motion to stay.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## III.
## CONCLUSION

For these reasons, the Court grants Defendant's motion to stay. Counsel shall submit a Joint Status Report to the Court on or before **November 9, 2016**.

**IT IS SO ORDERED**.

DATED: August 9, 2016

HON. DANA M. SABRAW
United States District Judge